# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HELEN HOWARD o/b/o Carolyn Whitelaw (deceased)**
    **Plaintiff,**

  v.                                                                                   **Case No. 18-C-491**

**NANCY A. BERRYHILL,**
**Acting Commissioner of the Social Security Administration**
    **Defendant.**

## DECISION AND ORDER

Plaintiff Helen Howard seeks judicial review of the denial of applications for social security disability benefits filed by her deceased daughter, Carolyn Whitelaw. The Commissioner moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Howard lacks standing. See Taylor v. McCament, 875 F.3d 849, 853 (7th Cir. 2017) ("If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1).").

## I. BACKGROUND

Whitelaw applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") in August 2014. Denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"), but on February 13, 2017, following a hearing at which Whitelaw appeared and testified, the ALJ issued a decision finding Whitelaw not disabled. (Tr. at 21-39.) Whitelaw sought review by the Appeals Council (Tr. at 17-20), but on June 23, 2017, while the matter was pending before the Council, Whitelaw died (Tr. at 13). On January 16, 2018, Whitelaw's son, Jerry Barron, asked to be designated substitute party

on the DIB claim. (Tr. at 9-10.) On January 24, 2018, the Council dismissed the request for review of the SSI claim, which did not, under the circumstances, survive Whitelaw's death. (Tr. at 1-4.) The Council denied the request for review of the DIB claim maintained by Barron. (Tr. at 5-6.)

On March 28, 2018, plaintiff filed this action for judicial review. The complaint was captioned "Helen Howard for Carolyn Whitelaw (deceased), Plaintiff, v. Nancy Berryhill, Acting Commissioner of Social Security, Defendant" (R. 1 at 1), but it did not address Howard's relationship to Whitelaw or otherwise explain why Howard had standing to pursue Whitelaw's disability claim. The Commissioner accordingly moved to dismiss for lack of standing.

In her response to the motion,[1] plaintiff's counsel explains that after the Appeals Council issued its order Barron expressed a desire to pursue an appeal in federal court. As he could not afford the filing fee, counsel mailed Barron an in forma pauperis form to sign and return, but he failed to return the paperwork or respond to her phone calls. In follow-up correspondence, counsel explained to Barron (with a copy to Helen Howard, Whitelaw's mother and counsel's only other contact person in the case) the order of priority for payments in this situation and indicated that, if someone else wished to substitute as party, he/she should contact counsel as soon as possible. A few days later, Howard called counsel's office, indicating that she received counsel's letter, and counsel emphasized that she needed someone to substitute. Howard apparently communicated with Barron, but he nevertheless failed to contact counsel. (R. 15 at 2.) Given his apparent disinterest in pursuing the matter, counsel declined to file the appeal in Barron's name. (R. 15 at 2-3.) With the deadline to file

---

[1]Counsel concedes that Howard cannot pursue the SSI claim. (R. 15 at 1.) See 20 C.F.R. § 416.542. I accordingly do not discuss the SSI claim further.

2

in federal court looming, Howard chose to substitute as plaintiff, despite counsel's explanation that should benefits be paid they would go to Whitelaw's children before Howard. (R. 15 at 3.)

## II. STANDING REQUIREMENTS

Judicial review is limited to actual cases and controversies brought by litigants who demonstrate standing. E.g., Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 886 (7th Cir. 2017), cert. denied, 138 S. Ct. 740 (2018). "The 'irreducible constitutional minimum of standing' consists of three elements: injury in fact, causation, and redressability." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Injury in fact refers to the invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical. Lujan, 504 U.S. at 560. The causation element requires that the injury be fairly traceable to the challenged action of the defendant. Id. Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id. at 561; see also Jepson v. Bank of N.Y. Mellon, 816 F.3d 942, 946 (7th Cir. 2016) ("The prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves. Instead, a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (internal citations and quote marks omitted).

The plaintiff bears the burden of establishing the elements of standing. Id. "In order to survive a challenge to standing, a plaintiff must plead sufficient factual allegations, that 'plausibly suggest' each of these elements." Groshek, 865 F.3d at 886 (quoting Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015)).

3

## III. DISCUSSION

If a DIB claimant dies before an underpayment is made to her, the Social Security Act authorizes payment to enumerated persons, in descending order of priority. Simplified, the order is as follows: (1) the claimant's surviving spouse who lived with the deceased at the time of her death; (2) the claimant's children, if they were dependent on the claimant for support at the time of her death; (3) the claimant's parent(s), if they were dependent on the claimant for support; (4) a surviving spouse who does not meet the requirements of category one; (5) a surviving child who does not meet the requirements of category two; (6) a surviving parent who does not meet the requirements of category three; and (7) the legal representative of the claimant's estate. See 42 U.S.C. § 404(d); Nienhaus v. Comm'r of Soc. Sec., No. 14-CV-864, 2016 U.S. Dist. LEXIS 81817, at *9-10 (S.D. Ill. June 23, 2016).

In the present case, it is undisputed that because Whitelaw's surviving children have priority Howard would not receive any DIB payment.[2] Accordingly, Howard cannot demonstrate that she was injured by the denial of Whitelaw's claim or that she could obtain redress should the court rule in her favor. Rather, this is a case in which she seeks to raise the legal rights and interests of third parties.

---

[2] As indicated, the complaint does not address the standing issue. However, the parties agree on the operative facts, which are confirmed by the administrative record – Whitelaw has a surviving child and Howard is Whitelaw's mother. (See Tr. at 10, Baron substituting as Whitelaw's surviving son; Tr. at 53, hearing testimony that Whitelaw has a son; Tr. at 230, disability report completed by Howard, Whitelaw's mother.) In her response brief, counsel indicates that based on her conversation with Barron, Whitelaw never married and has two grown children: Barron and an older sister. (R. 15 at 4.) Howard makes no claim that she has priority over Whitelaw's children under category three. Nor does Howard seek to amend her complaint to provide additional factual allegations, and neither side has suggested that further factual development is necessary. See generally Reid L. v. Ill. State Bd. of Educ., 358 F.3d 511, 515 (7th Cir. 2004).

Howard concedes that Whitelaw's children have higher priority. Nevertheless, she argues that because she is a member of the enumerated classes laid out in 42 U.S.C. § 404(d) she is a properly substituted party in this action. (R. 15 at 4, citing Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 247 (6th Cir. 1995) ("A member of any of the enumerated classes has standing to pursue the deceased beneficiary's benefits.").)

As other courts have noted, however, Webb does not hold "that a member of any of the enumerated classes may sue the Commissioner for benefits to which members of another class have priority." Blanton v. Astrue, No. 10-cv-2463, 2011 U.S. Dist. LEXIS 72232, at *7-8 (N.D. Ohio June 20, 2011), adopted, 2011 U.S. Dist. LEXIS 72272 (N.D. Ohio July 6, 2011). Indeed, the Webb court had no reason to address the issue, as the substituted party in that case – the claimant's child – appeared to have the highest priority among the possible surviving beneficiaries. See id. at *8 n.2.

The courts which have specifically addressed the issue note that "an eligible individual is only entitled to a deceased's benefits if there are no other preceding individuals in the line of priority." Brown v. Berryhill, No. 17-cv-11577, 2017 U.S. Dist. LEXIS 196438, at *4 (E.D. Mich. Nov. 30, 2017); see also 20 C.F.R. § 404.503(b) & (c). These cases accordingly hold that persons lower on the priority list lack standing to seek review of a benefit denial. Brown, 2017 U.S. Dist. LEXIS 196438, at *4-5 (finding that the claimant's father lacked standing where he failed to show that the claimant had no surviving children); Estate of Currier v. Astrue, No. 10-14355, 2012 U.S. Dist. LEXIS 136125, at *5 (E.D. Mich. June 18, 2012) ("For Plaintiff to establish standing in this case, he must show that he has the highest priority to receive his brother's disability insurance benefits under 42 U.S.C. § 404(d)."), adopted, 2012 U.S. Dist. LEXIS 136482 (E.D. Mich. Sept. 24, 2012); Blanton, 2011 U.S. Dist. LEXIS 72232, at *10-11

5

(finding that the claimant's mother lacked standing because surviving children had priority); Webb v. Comm'r of Soc. Sec., No. 8:08-CV-0082, 2009 U.S. Dist. LEXIS 133697, at *11 (N.D.N.Y. Oct. 9, 2009) (finding that deceased claimant's step-brother lacked standing), adopted, 2009 U.S. Dist. LEXIS 102803 (N.D.N.Y. Nov. 4, 2009); see also Sandiford v. Astrue, No. 3:08-cv-294, 2009 U.S. Dist. LEXIS 84525, at *3 (M.D. Fla. Sept. 4, 2009) (denying substitution of the claimant's sister as plaintiff absent a showing that no other individuals qualified under § 404(d) and that she was the legal representative of the estate). Cf. Weinshenker v. Berryhill, No. 1:17CV4, 2017 U.S. Dist. LEXIS 141784, at *12-13 (M.D.N.C. Sept. 1, 2017) (finding that the deceased claimant's husband had standing as the person with highest priority). Howard cites no authority to the contrary.

Howard contends that there is no way to know who will be in highest position should benefits ever be awarded on Whitelaw's claim, and that she, as an interested party, should have a right to preserve Whitelaw's appeal. However, the mere possibility that Howard could, in the future, have the highest priority does not suffice; injury in fact be must be concrete, rather than hypothetical, and it must be likely, as opposed to merely speculative, that a favorable decision will redress the plaintiff's alleged injury. See Blanton, 2011 U.S. Dist. LEXIS 72232, at *10-11 ("Because Plaintiff's alleged injury is only hypothetical, it is not an injury in fact. Moreover, Plaintiff has failed to show that a favorable decision would likely redress her alleged injury, as Plaintiff has failed to show that she would receive any of the claimant's DIB underpayment upon a favorable outcome in this case.") (internal citation omitted). That Barron apparently no longer desires to pursue the case does not confer standing on Howard.

6

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (R. 13) is granted, and this case is dismissed without prejudice.  The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of August, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge